**In re Debra L. BENTLEY, Debtor.**

No. 07–22881.

United States Bankruptcy Court,
W.D. New York.

May 16, 2008.

Kevin J. Bambury, Buffalo, NY, for debtor.

George M. Reiber, Rochester, NY, for trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### *BACKGROUND*

On November 16, 2007, Debra L. Bentley (the "Debtor") filed a petition initiating a Chapter 13 case. Along with her petition, the Debtor filed her Schedules and Statements, a Plan (the "Plan") and a Chapter 13 Statement of Current Monthly and Disposable Income (Form 22c) (the "Debtor Means Test Form").

On January 3, 2008, the Debtor's Chapter 13 Trustee, George M. Reiber, Esq. (the "Trustee"), conducted a Section 341 Meeting of Creditors (the "Initial Meeting of Creditors"), and on January 29, 2008, he filed a report (the "Objection") which objected to the Plan.

The Objection asserted that the Plan failed to meet the Section 1325(b)(1)(B) projected disposable income test, because: (1) effective October 1, 2007, for federal income tax collection administration purposes, and January 1, 2008 for bankruptcy purposes, the Internal Revenue Service (the "IRS") amended several of the tables that are a part of its Collection Financial Standards (the "National Standards"), which are used to compute a debtor's permissible monthly expenses under Section 707(b)(2)(A)(ii)(I); (2) because of the amendments to the National Standards, before the Initial Meeting of Creditors, a number of the Debtor's permissible monthly expenses were significantly lower than as set forth on the Debtor Means Test Form; (3) Section 1325(b)(1)(B) [1] indicates

---

1. Section 1325(b)(1)(B) provides that:

   (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan —

   (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

that if the trustee or a creditor-in-interest objects to confirmation, projected disposable income must be determined by the Bankruptcy Court as of the effective date of the Plan, which, under the Decision of the United States Bankruptcy Court for the Western District of New York, Rochester Division, in *In re Sackett*, 374 B.R. 70 (Bankr.W.D.N.Y.2007) ("*Sackett*"), could not be earlier than the confirmation hearing that was initially scheduled in the Debtor's case for February 4, 2008; and (4) as a result of the amendments to the National Standards, if a revised Debtor Means Test Form were prepared as of either the Initial Meeting of Creditors or the scheduled confirmation hearing on February 4, 2008, the Plan would not satisfy the projected disposable income test of Section 1325(b)(1)(B).

The Debtor interposed Opposition to the Objection, and on February 29, 2008, filed a Memorandum in Response to the Trustee's Objection (the "Memorandum"), which asserted that: (1) for the monthly income portion of the means test, as computed on a means test form, current monthly income, as specifically defined in Section 101(10)(A), is the income of a debt-

or for the six-month period prior to when the debtor files a means test form at the time of the filing of the petition, and not at some point between the filing of the petition and the "effective date" of the plan, which under *Sackett* would be the date of the confirmation hearing or the date of the entry of a confirmation order; (2) similarly, for the permissible monthly expenses portion of the means test, Section 707(b)(2)(A)(ii)(I) [2] specifically provides that the National Standards to be utilized are those in effect on the date of the petition; (3) although the Bankruptcy Court can consider any changed circumstances of a debtor between the filing of the petition and the effective date of their plan, if the trustee or a creditor makes an objection because those changed circumstances affect projected disposable income, there is no requirement that a revised means test form be completed; and (4) the IRS, the Administrative Office of the United States Courts and the Office of the United States Trustee made the amendments to the National Standards effective January 1, 2008, so, in accordance with the specific provisions of Section

---

11 U.S.C. § 1325 (2008).

**2.** Section 707(b)(2)(A)(ii)(I) provides that:

The debtor's monthly expenses shall be the debtors applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not

include any payments for debts. In addition, the debtor's monthly expenses shall include the debtor's reasonably necessary expenses incurred to maintain the safety of the debtor and the family of the debtor from family violence as identified under section 309 of the Family Violence Prevention and Services Act, or other applicable Federal law. The expenses included in the debtor's monthly expenses described in the preceding sentence shall be kept confidential by the court. In addition, if it is demonstrated that it is reasonable and necessary, the debtor's monthly expenses may also include an additional allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards issued by the Internal Revenue Service.

11 U.S.C. § 707 (2008).

707(b)(2)(A)(ii)(I), they were not applicable to the Debtor's Chapter 13 case filed on November 16, 2007.

On March 18, 2008, the Trustee interposed a Reply to the Memorandum, which asserted that, in the event that a trustee or a creditor files an objection to confirmation, projected disposable income must be determined as of the effective date of the plan, which cannot be earlier than the confirmation hearing or the entry of a confirmation order, and the National Standards to be used in determining projected disposable income must be those in effect as of the "effective date" of the plan.

### DISCUSSION

The Court finds the following: (1) in a routine Chapter 13 case where there are no increases in a debtor's income between the date of the filing of both the petition and the means test form and the effective date of the plan, the debtor's current monthly income[3] and, as specifically provided in Section 707(b)(2)(A)(ii)(I), permissible monthly expenses will be those as set forth on the means test form filed along with the petition; (2) in the event that: (a) there is an increase in a debtor's income between the date of the filing of the petition and the effective date of the plan; and (b) the trustee or a creditor files an objection to confirmation on the basis that the debtor is not contributing all projected disposable income, pursuant to the clear language of Section 1325(b)(1)(B), the Bankruptcy Court must determine the projected disposable income as of the effective date of the plan; (3) in the event that the National Standards for permissible monthly expenses change between the date of the filing of the petition and the effective date of the plan, the permissible monthly expenses shall still be those in effect as of the date of the filing of the petition, much the same as the settled law that permissible exemptions are those in effect on the date of the filing of the petition; (4) in the event that: (a) there is an increase in a debtor's income between the date of the filing of the petition and the effective date of the plan; and (b) the trustee or a creditor files an objection to confirmation on the basis that the debtor is not contributing all projected disposable income, the Bankruptcy Court, Rochester Division, will expect the debtor to ultimately modify their Plan to contribute an appropriate portion of the increased income; (5) an appropriate portion of the increased income to be contributed will initially be determined and recommended by the Trustee, or, if the debtor and the trustee cannot agree on an appropriate portion, it will be determined by the Court, but this Court will not require a revised means test form to be prepared by the debtor; and (6) the effective date of the plan in circumstances where the Court is required to determine projected disposable income because of an objection filed by the trustee or a creditor concerning the disposable income test, shall be the hearing at which the Court orally confirms the debtor's plan, provided that an order confirming the plan is entered within sixty days, unless the Court, in its discretion, extends the sixty-day period.

### CONCLUSION

In the Debtor's case: (1) there was no increase in income post-petition, pre-confirmation; (2) the National Standards for permissible monthly expenses are those in effect when she filed her petition;

---

**3.** The Court also assumes that there were no anomalies in the debtor's income for the six month period utilized on the means test form.

and (3) her Plan is confirmable under Section 1325.

The Trustee's Objection is overruled and a confirmation order shall be submitted.

**IT IS SO ORDERED.**